UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14378-Cannon/McCabe

NATIONAL BUILDERS INSURANCE
COMPANY, a foreign corporation; and
AMERICAN BUILDERS INSURANCE
COMPANY, a foreign corporation,

    Plaintiffs,

v.

SBP HOMES, LLC, a Florida Limited Liability
Corporation; DENIS MANELSKI; and
JENNIFER MANELSKI

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Defendants' Joint Motion to Dismiss/Joint Motion to Abstain ("Joint Motion") (DE 18), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 23). For the reasons set forth below, the undersigned **RECOMMENDS** that the Joint Motion be **GRANTED** and that this case be dismissed without prejudice.

**I.    BACKGROUND**

This case involves dueling lawsuits–one in state court and one in federal court–each seeking a declaration regarding insurance coverage following the entry of a $5.6 million judgment in state court.

    **A.    Underlying State Court Case**

In January 2020, Denis and Jennifer Manelski (hereafter "Homeowners") filed a lawsuit against SBP Homes, LLC (hereafter "Insured") in the Circuit Court for the Nineteenth Judicial

Circuit in and for Indian River County, Florida (hereafter the "Underlying State Court Case") (DE 1 ¶ 14). In general, the Underlying State Court Case alleged construction defects and deficiencies in the construction of a single-family home located in Vero Beach, Florida (DE 1 ¶ 16). The case proceeded to trial in October 2022, at which time, the jury returned a verdict in favor of the Homeowners and against the Insured in the amount of $4.6 million (DE 1 ¶ 21).

Prior to the events of the Underlying State Court Case, the two Plaintiffs in this case, National Builders Insurance Company and American Builders Insurance Company (hereafter "Insurers"), extended certain policies of insurance to the Insured, which policies contained a variety of exclusions (DE 1 ¶¶ 23-26). The Insurers defended the Insured in the Underlying State Court Case, but maintain they did so subject to a reservation of rights which would allow them to contest coverage in the event of an adverse verdict (DE 1 ¶ 22).

Following the jury verdict, on November 4, 2022, the Homeowners filed a Motion for Entry of Final Judgment Nunc Pro Tunc, Motion to Add Liability Insurer to Final Judgment, and Entitlement to Attorneys' Fees and Costs (hereafter "Motion to Add Insurers") (DE 18-4). This motion sought, among other things, to join the Insurers to the state court judgment pursuant to Fla. Stat. § 627.4136(4), essentially making the Insurers liable for the judgment (DE 18-4).

**B. Federal Declaratory Action**

Within days of the Motion to Add Insurers, on November 10, 2022, the Insurers filed the instant action in federal court (hereafter the "Federal Declaratory Action") (DE 1). By way of the Federal Declaratory Action, the Insurers seek a declaration that its numerous policy exclusions operate to limit their duty to indemnify the Insured for the judgment obtained by Homeowners in the Underlying State Court Case (DE 1 at 19, 21).

At or around the same time that the Insurers filed the Federal Declaratory Action, the Insurers also intervened in the Underlying State Court Action for the limited purpose of opposing the Motion to Add Insurers (DE 18-5). The Insurers argued, inter alia, that they could not be joined to the judgment due to Florida's Non-Joinder Statute, Fla. Stat. § 627.4136, because they had defended the Underlying State Court Case "under a reservation of rights" within the meaning of that statute (DE 18-6). As such, the Insurers argued that a separate action had to be filed to determine coverage, such as the one they had already filed, i.e., the Federal Declaratory Action (DE 18-6 at 2-3).

Thereafter, on February 15, 2023, the state court entered a Final Judgment After Verdict Nunc Pro Tunc, which added interest to the jury verdict, resulting in a total judgment in favor of the Homeowners and against the Insured in the amount of approximately $5.6 million (DE 18-7). The state court did not add the Insurers to the judgment, but instead made the following reservation in the judgment itself:

> This court retains jurisdiction of this case to tax costs and attorneys fees, *add the liability insurers, National Builders Insurance Co and American Builders Co to the final judgment in accordance with § 627.4136(4), Fla. Stat.*, and enter further orders that are proper and necessary.

(DE 18-7) (emphasis added).

### C. State Declaratory Action

Next, on March 20, 2023, the Homeowners filed a Motion re: Proceedings Supplementary in the Underlying State Court Case (DE 18-8). This motion sought to bring proceedings supplementary pursuant to Fla. Stat. § 56.29 to, among other reasons, implead the Insurers for purposes of determining insurance coverage (DE 18-8). The Homeowners attached to their motion a proposed Complaint and Demand for Jury Trial: Proceeding Supplementary (hereafter the "State Declaratory Action"), which, among other things, requested declaratory relief regarding coverage

3

for the $5.6 million judgment (DE 18-9).  The proposed State Declaratory Action sought the same relief as the already-pending Federal Declaratory Action.

The Insurers opposed the Homeowners' Motion re: Proceedings Supplementary arguing, once again, that they could not be joined to the Underlying State Court Case due to Florida's Non-Joinder Statute, Fla. Stat. § 627.4136.  On May 12, 2023, the state court rejected these arguments and issued an order that granted the Homeowners' motion (hereafter the "May 12 Order") (DE 25).  The May 12 Order also directed that the State Declaratory Action be deemed filed (DE 25 at 6).  Accordingly, as of the date of this Report and Recommendation, the parties are currently litigating two declaratory actions–one in state court and one in federal court–both seeking the same relief.

On or about May 25, 2023, the Insurers filed a petition for a writ of certiorari with Florida's Fourth District Court of Appeal ("Fourth DCA"), arguing that the state court's May 12 Order violates Florida's Non-Joinder Statute, Fla. Stat. § 627.4136 (DE 27-1 at 10).  As of the date of this Report and Recommendation, the Fourth DCA petition remains pending.

## II.     LEGAL STANDARD

Defendants urge the Court to dismiss the Federal Declaratory Action in light of the ongoing parallel State Declaratory Action.  As the Supreme Court has recognized, district courts enjoy broad discretion in determining whether to entertain actions for declaratory relief.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  The Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).  In *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), moreover, the Supreme Court recognized that district courts may properly decline to entertain declaratory actions when parallel proceedings exist in state court,

noting that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."

In *Ameritas*, the Eleventh Circuit expanded upon *Brillhart* and set forth nine factors designed to aid district courts "in balancing state and federal interests":

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. This list is not meant to be comprehensive nor does any one factor control. *Id.*

## III. DISCUSSION

The Court finds the *Ameritas* factors weigh in favor of declining to entertain the Federal Declaratory Action. As explained in *National Trust Insurance Co. v. Southern Heating & Cooling, Inc.*, 12 F.4th 1278, 1290 (11th Cir. 2021), the degree of similarity between parallel state and federal proceedings carries "significant weight" in the *Ameritas* analysis. Such similarity does not constitute a stand-alone *Ameritas* factor, but instead is "built into" the relevant factors 5, 6, 7 and 8. *Id.* at 1286. "The more that a concurrent state (or federal) court action is similar to a federal declaratory judgment action, the more likely it will be that a district court's decision to not address a claim under [the Declaratory Judgment Act] will be left undisturbed." *Id.* at 1285.

Here, as a result of the state court's May 12 Order, the state court is now poised to adjudicate, by way of the State Declaratory Action, the very same issues raised by the Federal Declaratory Action. As a result, it would make little sense for this Court to adjudicate the instant case, thereby risking inconsistent results and "friction" between the two courts (factor 5). Rather, this Court finds the state court to be the better alternative forum (factor 6), because factual issues from the Underlying State Court Case are important to an informed resolution of the new case (factor 7), and because the state court, having already handled the Underlying State Court Case, is in a better position to evaluate the factual and state-law issues raised by the new case (factor 8).

Other courts faced with similar parallel proceedings have reached similar conclusions. *See Nat'l Tr. Ins. Co*. 12 F.4th at 1289 (affirming district court's dismissal of declaratory action that would have increased friction between state and federal courts); *Gen. Elec. Cap. Corp.*, No. 8:12-cv-00100-T-27AMP, 2012 WL 1581860, at *3 (M.D. Fla. May 4, 2012) ("Practical considerations and wise judicial administration therefore persuade this Court to decline to exercise jurisdiction over what would essentially be a continuation of the pending state court proceeding."); *Mt. Hawley*

*Ins. Co. v. Sarasota Residences, LLC*, 714 F. Supp. 2d 1176, 1181 (M.D. Fla. 2010) (dismissing declaratory action in favor of parallel proceedings in state court).

The Court has considered the remaining *Ameritas* factors, but finds they do not outweigh factors 5-8, which weigh heavily against entertaining the Federal Declaratory Action. The Court has also considered the "first-filed rule," which normally shows deference to the first-filed case. Here, the Insurers filed the Federal Declaratory Action *before* the Homeowners filed the State Declaratory Action. As other courts have noted, however, the first-filed rule does not always apply to competing state and federal cases. *See Mt. Hawley Ins. Co.*, 714 F. Supp. 2d at 1181 ("[T]his rule applies to competing claims filed in separate federal courts, not competing federal and state court actions."); *see also Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998) ("[T]he first-filed rule … matter is one of discretion for the trial court."). As such, the Court finds the first-filed rule does not override the *Ameritas* factors in this case.[1]

The Court recognizes that the Insurers have sought appellate review of the state court's May 12 Order, challenging the Homeowners' ability to join them to the Underlying State Court Case pursuant to Florida's Non-Joinder Statute, Fla. Stat. § 627.4136 (DE 27-1 at 10). In the event the Insurers were to prevail at the Fourth DCA, this would leave the parties in a different position, potentially altering the Court's analysis of the *Ameritas* factors. The Court expresses no views on the pending Fourth DCA proceedings or on the proper interpretation of Fla. Stat § 627.4136. In recognition of the pending proceedings, however, the Court recommends that this case be

---

[1] The Court also notes that the Homeowners have a fair argument to be considered "first-filed," since they filed their Motion to Add Insurers on November 4, 2022 (DE 18-4) *before* the Insurers filed the Federal Declaratory Action on November 10, 2022 (DE 1). The Motion to Add Insurers sought to add the Insurers to the judgment in the Underlying State Court Case. On February 15, 2023, the state court declined to add the Insurers to the judgment, but reserved jurisdiction to do so at a later time (DE 18-7).

dismissed *without prejudice*, so that, in the event the Insurers succeed at the Fourth DCA, they can re-file this action.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For all of the above reasons, the Court **RECOMMENDS** that Defendants' Joint Motion (DE 18) be **GRANTED**. The Court further **RECOMMENDS** that this action be dismissed without prejudice.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Court. Failure to file objections timely shall bar the parties from a de novo determination by the District Court of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of June 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE